# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, et al.,[1]<br><br>Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (BLS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>TWH ANNUITIES & INSURANCE AGENCY, INC. and GRYPHON FINANCIAL SERVICES d/b/a GRYPHON FINANCIAL & INSURANCE SERVICES d/b/A GRYPHON FINANCIAL SOLUTIONS,<br><br>Defendants. | Adversary Proceedings<br><br>Case No. 19-51042 (BLS) |

**DEFENDANT TWH ANNUITIES & INSURANCE AGENCY, INC.'S**
**ANSWER TO THE COMPLAINT**

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172).

Defendant TWH Annuities & Insurance Agency, Inc. ("TWH"), as and for its answer to the Complaint ("the Complaint") herein dated December 1, 2019, through its attorneys at Barnes & Thornburg LLP and Michelman & Robinson, LLP, states as follows:

## NATURE OF THE ACTION

1. Denies knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 1.

2. Denies knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 2.

3. Does not respond to the allegation set forth in paragraph 3 in that it states an argument and conclusion of law as to which no response is required.

## JURISDICTION AND VENUE

4. Admit in paragraph 4 that the Court has jurisdiction over the claims alleged in the Complaint. Does not respond to the remaining allegations set forth in paragraph 4 in that it states an argument and conclusion of law as to which no response is required.

5. Admit in paragraph 5 that venue is proper in this court over the claims alleged in the Complaint.

## THE PARTIES

6. Does not respond to the allegation set forth in paragraph 6 in that it states an argument and conclusion of law as to which no response is required.

7. Does not respond to the allegation set forth in paragraph 7 in that it states an argument and conclusion of law as to which no response is required.

8. Does not respond to the allegation set forth in paragraph 8 in that it states an argument and conclusion of law as to which no response is required.

9. Does not respond to the allegation set forth in paragraph 9 in that it states an argument and conclusion of law as to which no response is required.

10. Does not respond to the allegation set forth in paragraph 10 in that it states an argument and conclusion of law as to which no response is required.

11. Does not respond to the allegation set forth in paragraph 11 in that it states an argument and conclusion of law as to which no response is required.

12. Does not respond to the allegation set forth in paragraph 12 in that it states an argument and conclusion of law as to which no response is required.

**Defendants**

13. Admit in paragraph 13 that TWH is a California corporation. Denies that TWH did business as Gryphon and denies engaging in the alleged conduct in paragraph 13.

14. Denies the allegations of paragraph 14.

### FACTUAL BACKGROUND

15. Does not respond to the allegation set forth in paragraph 15 in that it states an argument and conclusion of law as to which no response is required.

16. Denies that TWH engaged in the alleged conduct in paragraph 16. Does not respond to the remaining allegation set forth in paragraph 16 in that it states an argument and conclusion of law as to which no response is required.

17. Denies that TWH engaged in the alleged conduct in paragraph 17. Does not respond to the remaining allegation set forth in paragraph 17 in that it states an argument and conclusion of law as to which no response is required.

18. Denies that TWH engaged in the alleged conduct in paragraph 18. Does not respond to the remaining allegation set forth in paragraph 18 in that it states an argument and conclusion of law as to which no response is required.

19. Denies that TWH engaged in the alleged conduct in paragraph 19. Does not respond to the remaining allegation set forth in paragraph 19 in that it states an argument and conclusion of law as to which no response is required.

**The Proof(s) of Claim**

20. Denies knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 20.

21. Denies that TWH engaged in the alleged conduct in paragraph 21. Does not respond to the remaining allegation set forth in paragraph 21 in that it states an argument and conclusion of law as to which no response is required.

*The Transfers*

22. Denies that TWH engaged in the alleged conduct in paragraph 22. Does not respond to the remaining allegation set forth in paragraph 22 in that it states an argument and conclusion of law as to which no response is required.

23. Denies that TWH engaged in the alleged conduct in paragraph 23. Does not respond to the remaining allegation set forth in paragraph 23 in that it states an argument and conclusion of law as to which no response is required.

## FIRST CLAIM FOR RELIEF

### Avoidance and Recovery of Preferential Transfers

24. As its response to paragraph 24, TWH repeats, realleges, and incorporates by reference its response to paragraphs 1 through 23 as if fully set forth herein.

25. Denies that TWH engaged in the alleged conduct in paragraph 25 that resulted in the making or receipt of "transfers" and denies that TWH did anything actionable that resulted in the making or receipt of "transfers".

26. Denies that TWH engaged in the alleged conduct in paragraph 26 and/or that TWH did anything actionable that resulted in the making or receipt of "transfers". Denies knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 26.

27. Denies that TWH engaged in the alleged conduct in paragraph 27 and/or that TWH did anything actionable that resulted in the making or receipt of "transfers". Denies knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 27.

28. Does not respond to the allegation set forth in paragraph 28 in that it states an argument and conclusion of law as to which no response is required.

## SECOND CLAIM FOR RELIEF

**Avoidance and Recovery of Actual Intent Fraudulent Transfers – Bankruptcy Code**

29. As its response to paragraph 29, TWH repeats, realleges, and incorporates by reference its response to paragraphs 1 through 28 as if fully set forth herein.

30. Denies that TWH engaged in the alleged conduct in paragraph 30 that resulted in the making or receipt of "transfers" and denies that TWH did anything actionable that resulted in the making or receipt of "transfers".

31. Denies that TWH engaged in the alleged conduct in paragraph 31 and/or that TWH did anything actionable that resulted in the making or receipt of "transfers". Denies knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 31.

32. Denies that TWH engaged in the alleged conduct in paragraph 32 and/or that TWH did anything actionable that resulted in the making or receipt of "transfers". Denies knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 32.

33. Does not respond to the allegation set forth in paragraph 33 in that it states an argument and conclusion of law as to which no response is required.

## THIRD CLAIM FOR RELIEF

**Avoidance and Recovery of Constructive Fraudulent Transfers – Bankruptcy Code**

34. As its response to paragraph 34, TWH repeats, realleges, and incorporates by reference its response to paragraphs 1 through 33 as if fully set forth herein.

35. Denies that TWH engaged in the alleged conduct in paragraph 35 that resulted in the making or receipt of "transfers" and denies that TWH did anything actionable that resulted in the making or receipt of "transfers".

36. Denies that TWH engaged in the alleged conduct in paragraph 36 and/or that TWH did anything actionable that resulted in the making or receipt of "transfers". Denies knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 36.

37. Denies that TWH engaged in the alleged conduct in paragraph 37 and/or that TWH did anything actionable that resulted in the making or receipt of "transfers". Denies knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 37

38. Does not respond to the allegation set forth in paragraph 38 in that it states an argument and conclusion of law as to which no response is required.

### FOURTH CLAIM FOR RELIEF

**Avoidance and Recovery of Actual Intent Voidable Transfers – Bankruptcy Code**

39. As its response to paragraph 39, TWH repeats, realleges, and incorporates by reference its response to paragraphs 1 through 38 as if fully set forth herein.

40. Denies that TWH engaged in the alleged conduct in paragraph 40 that resulted in the making or receipt of "transfers" and denies that TWH did anything actionable that resulted in the making or receipt of "transfers".

41. Denies that TWH engaged in the alleged conduct in paragraph 41 and/or that TWH did anything actionable that resulted in the making or receipt of "transfers". Denies knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 41.

42. Denies that TWH engaged in the alleged conduct in paragraph 42 and/or that TWH did anything actionable that resulted in the making or receipt of "transfers". Denies knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 42

43. Does not respond to the allegation set forth in paragraph 43 in that it states an argument and conclusion of law as to which no response is required.

44. Does not respond to the allegation set forth in paragraph 44 in that it states an argument and conclusion of law as to which no response is required.

45. Does not respond to the allegation set forth in paragraph 45 in that it states an argument and conclusion of law as to which no response is required.

## **FIFTH CLAIM FOR RELIEF**

**Avoidance and Recovery of Constructive Voidable Transfers – Bankruptcy Code**

46. As its response to paragraph 46, TWH repeats, realleges, and incorporates by reference its response to paragraphs 1 through 45 as if fully set forth herein.

47. Denies that TWH engaged in the alleged conduct in paragraph 47 that resulted in the making or receipt of "transfers" and denies that TWH did anything actionable that resulted in the making or receipt of "transfers".

48. Denies that TWH engaged in the alleged conduct in paragraph 48 and/or that TWH did anything actionable that resulted in the making or receipt of "transfers". Denies knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 48.

49. Denies that TWH engaged in the alleged conduct in paragraph 49 and/or that TWH did anything actionable that resulted in the making or receipt of "transfers". Denies knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 49.

50. Does not respond to the allegation set forth in paragraph 50 in that it states an argument and conclusion of law as to which no response is required.

51. Does not respond to the allegation set forth in paragraph 51 in that it states an argument and conclusion of law as to which no response is required.

52. Does not respond to the allegation set forth in paragraph 52 in that it states an argument and conclusion of law as to which no response is required.

## **SIXTH CLAIM FOR RELIEF**

**Objection to Claims (Bankruptcy Code Section 502(d))**

53. As its response to paragraph 53, TWH repeats, realleges, and incorporates by reference its response to paragraphs 1 through 52 as if fully set forth herein.

54. Denies that TWH engaged in the alleged conduct in paragraph 54 that resulted in the making or receipt of "transfers" and denies that TWH did anything actionable that resulted in the making or receipt of "transfers". Does not respond to the remaining allegation set forth in

paragraph 54 in that it states an argument and conclusion of law as to which no response is required.

55. Does not respond to the allegation set forth in paragraph 55 in that it states an argument and conclusion of law as to which no response is required.

### SEVENTH CLAIM FOR RELIEF

**Equitable Subrogation of Claims**

56. As its response to paragraph 56, TWH repeats, realleges, and incorporates by reference its response to paragraphs 1 through 55 as if fully set forth herein.

57. Denies that TWH engaged in the alleged conduct in paragraph 57.

58. Does not respond to the allegation set forth in paragraph 58 in that it states an argument and conclusion of law as to which no response is required.

59. Does not respond to the allegation set forth in paragraph 59 in that it states an argument and conclusion of law as to which no response is required.

60. Does not respond to the allegation set forth in paragraph 60 in that it states an argument and conclusion of law as to which no response is required.

61. Does not respond to the allegation set forth in paragraph 61 in that it states an argument and conclusion of law as to which no response is required.

### EIGHTH CLAIM FOR RELIEF

**Sale of Unregistered Securities (Securities Act Sections 5(a), 5(c), and 12(a))**

62. As its response to paragraph 62, TWH repeats, realleges, and incorporates by reference its response to paragraphs 1 through 61 as if fully set forth herein.

63. Denies that TWH engaged in the alleged conduct in paragraph 63. Does not respond to the remaining allegations set forth in paragraph 63 in that it states an argument and conclusion of law as to which no response is required.

64. Does not respond to the allegation set forth in paragraph 64 in that it states an argument and conclusion of law as to which no response is required.

65. Denies that TWH engaged in the alleged conduct in paragraph 65. Does not respond to the remaining allegations set forth in paragraph 65 in that it states an argument and conclusion of law as to which no response is required.

66. Does not respond to the allegations set forth in paragraph 66 in that it states an argument and conclusion of law as to which no response is required.

67. Does not respond to the allegation set forth in paragraph 67 in that it states an argument and conclusion of law as to which no response is required.

68. Does not respond to the allegation set forth in paragraph 68 in that it states an argument and conclusion of law as to which no response is required.

### NINTH CLAIM FOR RELIEF

#### Fraud

69. As its response to paragraph 69, TWH repeats, realleges, and incorporates by reference its response to paragraphs 1 through 68 as if fully set forth herein.

70. Denies that TWH engaged in the alleged conduct in paragraph 70. Does not respond to the remaining allegations set forth in paragraph 70 in that it states an argument and conclusion of law as to which no response is required.

71. Denies that TWH engaged in the alleged conduct in paragraph 71. Does not respond to the remaining allegations set forth in paragraph 71 in that it states an argument and conclusion of law as to which no response is required.

72. Deny the allegations in paragraph 72.

73. Does not respond to the allegation set forth in paragraph 73 in that it states an argument and conclusion of law as to which no response is required.

74. Does not respond to the allegation set forth in paragraph 74 in that it states an argument and conclusion of law as to which no response is required.

## TENTH CLAIM FOR RELIEF

### Aiding and Abetting Fraud

75. As its response to paragraph 75, TWH repeats, realleges, and incorporates by reference its response to paragraphs 1 through 74 as if fully set forth herein.

76. Denies knowledge or information sufficient to admit or deny the truth of the allegations regarding the state of mind of Shapiro and the Investors set forth in paragraph 76. Does not respond to the remaining allegations set forth in paragraph 76 in that it states an argument and conclusion of law as to which no response is required.

77. Deny the allegations in paragraph 77.

78. Denies that TWH engaged in the alleged conduct and/or had the knowledge as alleged in paragraph 78. Denies knowledge or information sufficient to admit or deny the truth of the allegations regarding the state of mind of Shapiro.

79. Deny the allegations in paragraph 79.

80. Does not respond to the allegation set forth in paragraph 80 in that it states an argument and conclusion of law as to which no response is required.

## PRAYER FOR RELIEF

(1) Denies the requests and allegations of paragraph (1).

(2) Denies the requests and allegations of paragraph (2).

(3) Denies the requests and allegations of paragraph (3).

(4) Denies the requests and allegations of paragraph (4).

(5) Denies the requests and allegations of paragraph (5).

(6) Denies the requests and allegations of paragraph (6).

(7) Denies the requests and allegations of paragraph (7).

(8) Denies the requests and allegations of paragraph (8).

(9) Denies the requests and allegations of paragraph (9).

## DEFENSES

  TWH asserts the following affirmative and other defenses and reserves its rights to assert other defenses when and if they become available. In asserting the following defenses, TWH does not intend to suggest that matters designated herein as "defenses" are not elements of the Trustee's prima facie case on any of the Trustee's purported claims or that they are not matters as to which the Trustee bears the burden of proof.

### *As And For A First Affirmative Defense*

  81. The complaint should be dismissed for failure to state a claim as to which relief is warranted.

### *As And For A Second Affirmative Defense*

  82. TWH did not receive the purported transfers from the Debtor and that payments from Debtor to TWH were for the benefit of others and were transferred to those persons.

### *As And For A Third Affirmative Defense*

  83. TWH is not liable because it did not have the requisite level of intent.

### *As And For A Fourth Affirmative Defense*

  84. All payments sent by Debtor to TWH were received without any actual fraudulent intent on the part of TWH and without any actual or constructive knowledge of the alleged fraudulent Ponzi scheme of Debtor. The lack of such fraudulent intent is demonstrated by, among other things, the fact that the owner of TWH maintained an account at Debtor, that less funds were withdrawn from this account than were deposited into it, and that, as with other Debtor's investors, the owner of TWH suffered a loss as a result of Debtor's fraud.

### *As And For A Fifth Affirmative Defense*

  85. All transfers to TWH from Debtor were made for fair consideration and were not fraudulent.

### *As And For A Sixth Affirmative Defense*

86. All claims in the complaint should be dismissed on the grounds that TWH justifiably relied on the activities of governmental and regulatory bodies to monitor and oversee the activities of Debtor.

### *As And For A Seventh Affirmative Defense*

87. All claims in the complaint should be dismissed on the grounds that the allegations of fraud and intentional misconduct therein are not pleaded with sufficient particularity as to TWH to satisfy the requests of F.R.C.P 9(b) and made applicable herein by F.R.B.P 7009.

### *As And For An Eighth Affirmative Defense*

88. The complaint should be dismissed to the extent it seeks damages outside the applicable statute of limitations.

### *As And For A Ninth Affirmative Defense*

89. The claims are barred because TWH is entitled to a set-off.

### *As And For A Tenth Affirmative Defense*

*90.* The claims are barred based on the doctrines of laches, unclean hands, estoppel, waiver, and *in pari delicto.*

### *As And For An Eleventh Affirmative Defense*

91. The claims are barred to the extent that any transfers were made in good faith and without knowledge of the commencement of the Bankruptcy Proceeding pursuant to Section 542(c) of the Bankruptcy Code.

### *As And For A Twelfth Affirmative Defense*

92. The claims are barred because TWH was not the initial transferee and was a "mediate" or "immediate" transferee within the meaning of Section 550(a)(2) of the Bankruptcy Code that took for value, in good faith and without knowledge of the voidability of the transfer.

### *As And For A Thirteenth Affirmative Defense*

93. The claims are barred because any payments made by the Debtor to TWH were made in the ordinary course of business and are not voidable as preferential transfers.

### *As And For A Fourteenth Affirmative Defense*

94. The claims are barred to the extent that the transfers involved contemporaneous exchanges between the Debtor and TWH pursuant to which the Debtor received new value.

### *As And For A Fifteenth Affirmative Defense*

95. The claims are barred to the extent that, after the transfers, TWH gave new value to or for the benefit of the Debtor not secured by an otherwise unavoidable security interest and on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of TWH.

### *As And For A Sixteenth Affirmative Defense*

96. The claims are barred because TWH received and/or forwarded the funds received from Debtor for value, in good faith and/or without knowledge of the voidability of the same.

### *As And For A Seventeenth Affirmative Defense*

97. The claims are barred because Debtor and/or Trustee failed to comply with a condition precedent.

WHEREFORE, it is respectfully requested that the Court dismiss complaint or, in the alternative, award judgment on all claims therein in favor of TWH, and grant such other and further relief as the Court finds just and proper, including an award of costs, disbursements, expenses and counsel fees.

### **JURY DEMAND**

Pursuant to F.R.C.P 38(b), made applicable to this proceeding by F.R.B.P 9015, TWH hereby requests a jury trial of all claims in this proceeding.

Dated: March 5, 2020

/s/ Kevin G. Collins
Thomas E. Hanson, Jr. (DE No. 4102)
Kevin G. Collins (DE No. 5149)
BARNES & THORNBURG LLP
1000 North West Street, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 300-3434
Facsimile: (302) 300-3456
Email:  thomas.hanson@btlaw.com
Email:  kevin.collins@btlaw.com

John Giardino, Esq.
MICHELMAN & ROBINSON, LLP
800 Third Avenue, 24th Floor
New York, NY 10022
Telephone:  (212) 770-7300
Facsimile: (212) 730-7725
jgiardino@mrllp.com

*Attorneys for Defendant TWH Annuities & Insurance Agency, Inc.*